| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF LOS ANGELES, a government entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a government entity; LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, a government entity; ROBERT G. LUNA, individually and in his Official Capacity as Sherriff of Los Angeles County; ALEX VILLANUEVA, individually and in his Official Capacity as Sherriff of Los Angeles County; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRACE RUBIO, individually for herself and as successor-in-interest of ERICK RUBIO, deceased;and RICHARD CASTANEDA, individually for himself and as successor-in-interest of ERICK RUBIO, deceased,

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/22/2024 9:08 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

**CASE NUMBER:**
*(Número del Caso):* 24STCV12835

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Ramin R. Younessi, 3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90010, (210) 480-6200

DATE: 05/22/2024
*(Fecha)* David W. Slayton, Executive Officer/Clerk of Court

Clerk, by
*(Secretario)* S. Bolden

Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* County of Los Angeles, a government entity

under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Public Entity
4. ☒ by personal delivery on *(date):* 6-4-24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right; border:1px solid black;">
*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/22/2024 9:08 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk**
</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COUNTY OF LOS ANGELES, a government entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a government entity; LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, a government entity; ROBERT G. LUNA, individually and in his Official Capacity as Sherriff of Los Angeles County; ALEX VILLANUEVA, individually and in his Official Capacity as Sheriff of Los Angeles County; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GRACE RUBIO, individually for herself and as successor-in-interest of ERICK RUBIO, deceased;and RICHARD CASTANEDA, individually for himself and as successor-in-interest of ERICK RUBIO, deceased,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles Superior Court | **CASE NUMBER:** <br> *(Número del Caso):* 24STCV12835 |

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Ramin R. Younessi, 3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90010, (210) 480-6200

| DATE: 05/22/2024 <br> *(Fecha)* David W. Slayton, Executive Officer/Clerk of Court | Clerk, by <br> *(Secretario)* S. Bolden | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* KW
3. ☒ on behalf of *(specify):* Los Angeles County Department of Mental Health, a government entity

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Public Entity
4. ☑ by personal delivery on *(date):* 6-4-24

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/21/2024 5:12 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

Attorney for Plaintiffs,
GRACE RUBIO, individually for herself and as successor-in-interest of ERICK RUBIO, deceased; and
RICHARD CASTANEDA, individually for himself and as successor-in-interest of ERICK RUBIO, deceased

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| GRACE RUBIO, individually for herself and as successor-in-interest of ERICK RUBIO, deceased; and RICHARD CASTANEDA, individually for himself and as successor-in-interest of ERICK RUBIO, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a government entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a government entity; LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, a government entity; ROBERT G. LUNA, individually and in his Official Capacity as Sherriff of Los Angeles County; ALEX VILLANUEVA, individually and in his Official Capacity as Sherriff of Los Angeles County; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 24STCV12835<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **DENIAL OF MEDICAL CARE (42 U.S.C. § 1983);**<br>2. **FALSE IMPRISONMENT (42 U.S.C. § 1983);**<br>3. **VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983);**<br>4. **DENIAL OF MEDICAL CARE (GOVT. CODE § 845.6);**<br>5. **VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT (CIV. CODE § 52.1);**<br>6. **FALSE IMPRISONMENT (GOV. CODE §§ 815.2 & 820 AND CA COMMON LAW);**<br>7. **UNNECESSARY DELAY IN RELEASING INMATE (GOV. CODE §§ 815.2 & 820 AND CA COMMON LAW);**<br>8. **BATTERY (GOV. CODE §§ 815.2 & 820 AND CA COMMON LAW);**<br>9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (GOV. CODE §§ 815.2 & 820 AND CA COMMON LAW);**<br>10. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (GOV. CODE § 815.2);**<br>11. **NEGLIGENCE (GOV. CODE § 815.2);**<br>12. **NEGLIGENT HIRING / SUPERVISION / RETENTION OF EMPLOYEE (GOV. CODE § 815.2); AND**<br>13. **WRONGFUL DEATH & SURVIVAL;**<br><br>**DEMAND OVER $35,000**<br>**[DEMAND FOR JURY TRIAL]** |

-1-

COMES NOW PLAINTIFFS, GRACE RUBIO, individually for herself and as successor-in-interest of ERICK RUBIO, deceased; and RICHARD CASTANEDA, individually for himself and as successor-in-interest of ERICK RUBIO, deceased, and for causes of action against the Defendants and each of them, alleges as follows:

**JURISDICTION**

1. This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' liability arises therein.

**THE PARTIES**

2. Plaintiff, GRACE RUBIO ("RUBIO"), is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3. Plaintiff, RICHARD CASTANEDA ("CASTANEDA"), is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

4. RUBIO is that natural mother of decedent Erick Rubio ("DECENDENT"). RUBIO is DECEDENT's surviving heir-at-law. DECEDENT left no issue. RUBIO is the successor-in-interest of DECEDENT and succeeds to DECEDENT's causes of action against Defendants named herein because there is no personal representative of the estate of DECEDENT.

5. CASTANEDA is that natural father of decedent Erick Rubio ("DECENDENT"). CASTANEDA is DECEDENT's surviving heir-at-law. DECEDENT left no issue. CASTANEDA is the successor-in-interest of DECEDENT and succeeds to DECEDENT's causes of action against Defendants named herein because there is no personal representative of the estate of DECEDENT.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is a governmental entity operating under the laws of the State of California and County of Los Angeles, and owns, operates, manages, directs, and controls the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD") and LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH ("LACDMH"), both operating departments or administrative subdivisions of the COUNTY. Defendants COUNTY, LASD and LACDMH are "persons" subject to

suit within the meaning of Title 42, U.S.C. § 1983 and applicable cases interpreting it, including *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658 (1978).

7.     Defendant COUNTY is now, and all relevant times, has been responsible for the hiring, training, and supervision of the conduct of their employees, including LASD and LACDMH and all of its deputies and members. At all relevant times herein, Defendant COUNTY was responsible for assuring that the actions, conduct, policies, procedures, and customs of their LASD deputies and LACDMH medical practitioners complied with, *inter alia*, the laws and Constitutions of the United States and the State of California. Plaintiffs are informed and believe and therefore allege that Defendant COUNTY is responsible for implementing, maintaining, sanctioning, or condoning policies, customs and practices under which the wrongful or illegal acts hereinafter complained of occurred. As alleged herein, Defendants COUNTY, LASD and LACDMH are liable for DECEDENT's and Plaintiffs' damages by reason of their policies, customs and practices, failure to train, deliberate indifference and/or ratification.

8.     Defendant ROBERT G. LUNA ("LUNA" or "SHERIFF") is the duly-elected Sheriff of Los Angeles County that was elected to that position on November 8, 2022. LUNA was sworn in as Sheriff on December 5, 2022. LUNA is now and at all relevant times herein was employed by COUNTY as the Sheriff of the LASD and is sued in his individual and official capacities. On information and belief, LUNA was at all relevant times a resident of the County of Los Angeles, State of California. LUNA is sued in both his individual and official capacities.

9.     Defendant ALEX VILLANUEVA ("VILLANUEVA" or "SHERIFF") is the former duly-elected Sheriff of Los Angeles County that was elected to that position on November 4, 2018. VILLANUEVA was sworn in as Sheriff on December 3, 2018 and remained in that position until December 5, 2022. VILLANUEVA at all relevant times herein was employed by COUNTY as the Sheriff of the LASD and is sued in his individual and official capacities. On information and belief, VILLANUEVA was at all relevant times a resident of the County of Los Angeles, State of California. VILLANUEVA is sued in both his individual and official capacities.

10.     The true names and capacities, whether individual corporate, associate or otherwise, of Defendants DOES 1 through 50, inclusive, is unknown to Plaintiffs, who therefore sue said Defendants

1  by such fictitious names, and Plaintiffs will seek leave of Court to amend this Complaint to show the true
2  names and capacities thereof when the same have been ascertained.

3        11.    Plaintiffs are informed and believe, and thereon allege, that each of the Defendants
4  designated herein as a DOE is responsible, negligently or in some other manner for the events and
5  happenings herein referred to, and thereby proximately caused injuries and damages to Plaintiffs as
6  alleged herein.

7        12.    Defendants at all times mentioned herein were the agents, servants, employees, partners,
8  members, shareholders, officers, directors, joint ventures, and alter egos of each other, and in doing or
9  failing to do the things hereinafter mentioned were acting within the purpose and scope of their agency
10  and employment and with the knowledge and consent of each other.

11        13.    As used herein the term "Defendants" means all Defendants, both jointly and severally,
12  and references by name to any named Defendants shall include all Defendants, both jointly and severally.

13        14.    The true names and capacities, whether individual, corporate, associate, or otherwise, of
14  the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiffs at this time and
15  therefore said Defendants are sued by such fictitious names.  Plaintiffs will seek leave to amend this
16  complaint to insert the true names and capacities of said Defendants when the same become known to
17  Plaintiffs.  Plaintiffs are informed and believe, and based thereupon allege, that each of the fictitiously
18  named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiffs
19  as alleged hereinafter.

20        15.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant
21  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,
22  coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the
23  other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part
24  within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status,
25  successor status and/or joint venture and with the permission and consent of each of the other Defendants.

26        16.    Plaintiffs are informed and believe, and based thereupon allege, that Defendants, and each
27  of them, including those Defendants named as DOES 1-50, acted in concert with one another to commit
28  the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the

1  wrongful acts alleged herein, and/or attempted to do so. Plaintiffs are further informed and believe,

2  based thereupon allege, that Defendants, and each of them, including those Defendants named as DOES

3  1-50, and each of them, formed and executed a conspiracy or common plan pursuant to which they would

4  commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to

5  said conspiracy, intended to cause and actually causing Plaintiffs harm.

6      17.  Whenever and wherever reference is made in this complaint to any act or failure to act by

7  a Defendants or co-Defendants, such allegations and references shall also be deemed to mean the acts

8  and/or failures to act by each Defendants acting individually, jointly and severally.

9

10              **ALTER EGO, AGENCY, AND SUCCESSOR**

11     18.  Plaintiffs are informed and believe, and based thereon allege, that despite the formation of

12  purported corporate existence, Defendants and DOES 1-50 are, in reality, one and the same, including,

13  but not limited to because:

14          a.   Plaintiffs are informed and believe, and based thereon allege, that despite the

15  formation of purported corporate existence, Defendants and DOES 1-50 are, in reality, one and the same,

16  including, but not limited to because.

17          b.   DOES 1-50 and each Defendants derive actual and significant monetary benefits

18  by and through Defendants unlawful conduct, and by using Defendants as the funding source for their

19  own personal expenditures.

20          c.   Plaintiffs are informed and believe, and based thereon allege, that Defendants and

21  DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for

22  purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or

23  inequitable purpose.

24          d.   Plaintiffs are informed and believe, and based thereon allege, that Defendants and

25  DOES 1-50 do not comply with all requisite corporate formalities to maintain a legal and separate

26  corporate existence.

27          e.   Plaintiffs are informed and believe, and based thereon allege, that the business

28  affairs of Defendants and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that

-5-

COMPLAINT FOR DAMAGES

1  the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants is, and

2  at all times relevant hereto was, used by DOES 1-50 and each other Defendants as mere shells and

3  conduits for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of DOES 1-50

4  and each other Defendants.

5      19.    The recognition of the separate existence of Defendants and DOES 1-50 from one another

6  would not promote justice, in that it would permit Defendants to insulate themselves from liability to

7  Plaintiffs. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for

8  the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

9      20.    Accordingly, Defendants and DOES 1-50 constitute the alter egos of one another, and

10  the fiction of their separate corporate existence must be disregarded.

11      21.    Alternatively, Plaintiffs are informed and believe, and based thereon allege, that as and

12  between DOES 1-50 and Defendants, (1) there is an express or implied agreement of assumption pursuant

13  to which DOES 1-50 agreed to be liable for the debts of Defendants, (2) the transaction between DOES

14  1-50 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-50 is a

15  mere continuation of Defendants, or (4) the transfer of assets to DOES 1-50 is for the fraudulent purpose

16  of escaping liability for Defendants debts.  Accordingly, DOES 1-50 are the successors of Defendants

17  and are liable on that basis.

18

19                                      **FACTUAL ALLEGATIONS**

20      22.    At all relevant times herein, all wrongful acts described were performed under the color

21  of state law and/or in concert with or on behalf of those acting under the color of state law.

22      23.    DECEDENT was born on January 21, 1995, and was twenty-eight (28) years old at the

23  time he lost his life.

24      24.    DECEDENT struggled with mental health issue during the course of his life, including

25  diagnosed mental health conditions for which he was prescribed medications.

26      25.    DECEDENT periodically experienced mental health episodes and issues related to his

27  mental disability.

28  ///

26.     DECEDENT's mental disability substantially limited major life activities, including the ability to care for himself, concentrate, think, and communicate. For example, DECEDENT's mental disability sometimes caused him to become paranoid, easily confused, defensive, agitated, stressed, fearful, and anxious. DECEDENT sometimes experienced difficulty processing relayed information and verbalizing his own thoughts, feelings, and intentions. DECEDENT was known to act irrationally when exhibiting symptoms of his mental disability.

27.     On or about February 17, 2020, DECEDENT was experiencing symptoms of his mental disability, including confusion and paranoia, and was wandering the neighborhood at or near 1900 Royalty Drive, Pomona, CA 91767 when he was alleged to have vandalized the property at this location. Specifically, DECEDENT was caught on video surveillance footage breaking a window, destroying a sprinkler system, damaging a directory board, and vandalizing other property located at or near this address.

28.     On April 27, 2021 DECEDENT was arrested by Pomona Police Department on charges of Vandalism pursuant to Penal Code § 594(a) and placed into the custody of LASD.

29.     Thereafter, a Los Angeles County Superior Judge ordered the commitment of DECEDENT at Metropolitan State Hospital in Norwalk, California due to his mental disability.

30.     On March 13, 2023, DECEDENT's then-counsel filed a Motion to properly re-calculate DECEDENT's maximum commitment date, based upon his charges and time served. The Court held that DECEDENT's maximum date of commitment against his will was May 27, 2023 based on the maximum sentence of imprisonment DECEDENT could receive had he been convicted of the most serious offense for which he was charged – in this case a felony charge of violating Penal Code § 594 (Vandalism).

31.     Defendant COUNTY, including LASD and LACDMH, were actually and constructively aware and on notice as to DECEDENT's aforementioned maximum date of commitment. Metropolitan State Hospital sent written notice to COUNTY requiring that COUNTY, by and through its various departments (including LASD and LACDMH), take custody of DECEDENT prior to his maximum date of commitment of May 27, 2023.

32.     On or about May 1, 2023, DECEDENT was returned to the custody of Defendant LASD and LACDMH. DECEDENT was prescribed various medications by the Metropolitan State Hospital, of

1   which LASD and LACDMH were well aware of when they accepted custody, care and control of
2   DECEDENT on May 1, 2023. Additionally, Defendants LASD and LACDMH were in receipt of
3   discharge instructions from Metropolitan State Hospital regarding after care instructions and the need for
4   continuation of DECEDENT's medications.

5       33.    Thereafter, DECEDENT was not given proper medical care by COUNTY and its various
6   departments, including LASD and LACDMH, who are responsible for the administration of healthcare
7   to inmates within its custody.

8       34.    Thereafter, DECEDENT was placed in the "High Observation Unit" of the Los Angeles
9   County Jail and classified as a suicide risk. The COUNTY's various departments, in particular the LASD
10  and LACDMH, owed DECEDENT a duty of care as set forth hereinbelow.

11      35.    As of May 27, 2023 (DECEDENT's maximum commitment date for the Vandalism
12  charge), no guardianship, conservatorship, or other legal status existed that would legally prevent
13  DECEDENT's release from custody. Further, no petitions had been filed by the COUTY or the
14  Metropolitan State Hospital to extend any commitment or incarceration. DECEDENT was not released
15  and unlawfully remained in custody on a Vandalism charge more than two (2) years after his arrest.

16      36.    While in the custody of the COUNTY, DECEDENT sustained severe injuries, was denied
17  visitation with family, and ultimately died while in custody of COUNTY and LASD on June 6, 2023 after
18  being found unresponsive in his cell. The Medical Examiner's ruling regarding the cause of death is
19  alleged to be "Asphyxia." The manner of death was unable to be determined. The Deputy Medical
20  Examiner deemed the "apparent mode" of death as either "Suicide" or "Accident." Toxicology results
21  indicate that the DECEDENT was not medicated according to the aftercare instructions and medication
22  list provided by Metropolitan State Hospital upon discharge.

23      37.    According to the Autopsy Report pertaining to DECEDENT, the autopsy findings show
24  that DECEDENT had abrasions/bruises on his forehead, nose, and lips; petechiae on his left sclera,
25  conjunctiva, and upper chest; abrasions/bruises to his left armpit; and small abrasions/cuts on his left-
26  hand knuckles.

27      38.    Defendant COUNTY, including LASD and LACDMH, charged with the care of inmates
28  within the COUNTY's custody, failed to release DECEDENT upon his maximum date of commitment,

-8-

COMPLAINT FOR DAMAGES

1  despite there being no lawful reason not to release him, and it is only because of Defendants' failure to
2  release DECEDENT to the care of his family that he died on June 6, 2023.

3       39.     On October 6, 2023, Plaintiffs, through their attorneys of record herein, submitted a Public
4  Records Act request to Defendant LASD pursuant to Article I, § 3, of the California Constitution and the
5  California Public Records Act ("CPRA"), and California Government Code § 6250, *et seq*. Plaintiffs'
6  CPRA request (PRA No. 23-2069) sought various records pertaining to DECEDENT that include, but
7  are not limited to:

8           a.  Any and all records relating to or in any way referring to the death of an inmate
9               occurring at a County Correctional facility on June 6, 2023, including but not limited
10              to reports, draft reports, notes, and notes of verbal communications. This request is
11              meant to be interpreted broadly and includes a request for any records that refer to a
12              death in custody, critical incident, DIC, or any other term or phrase reasonably
13              interpreted to be referencing the death of an inmate within County custody that
14              occurred on June 6, 2023.

15          b.  Any and all communications by or to any County employee, elected official, or
16              representative (other than privileged legal communications) that occurred on any date
17              from June 6, 2023 to the date of production of the public records, relating to or in any
18              way referring to the death of an inmate occurring on June 6, 2023 at a County
19              Correctional facility, including but not limited to: emails, text messages, instant
20              messages, voicemails, notes of telephone or verbal communications, to the extent that
21              any of these communications occurred utilizing County resources such as County
22              computers, County emails, County computer servers, cell phones issued to employees,
23              elected officials, or representatives of the County, computers or cell phones belonging
24              to employees, elected officials, or representatives of the County of the County that
25              have ever been used to conduct any County business.

26          c.  Any and all records, reports, draft reports, or other documents that relate to or reference
27              an individual by the name of Erick Rubio who's date of birth is January 21, 1995. This
28              request is meant to be interpreted broadly and includes a request for all responsive

-9-

1  records whether or not the individual's full name or date of birth is identified in said
2  records and includes a request for all records that can reasonably be interpreted to be
3  referencing Mr. Rubio.

4  d. Any and all communications by or to any County employee, elected official, or
5  representative (other than privileged legal communications) that occurred on any date
6  from April 27, 2021 to the date of production of the public records, that relate to or
7  reference an individual by the name of Erick Rubio who's date of birth is January 21,
8  1995, including but not limited to emails, text messages, instant messages, voicemails,
9  notes of telephone or verbal communications, to the extent that any of these
10  communications occurred utilizing County resources such as County computers,
11  County emails, County computer servers, cell phones issued to employees, elected
12  officials, or representatives of the County, and computers, tablets, cell phones, or other
13  devices belonging to employees, elected officials, or representatives of the County that
14  have ever been used to conduct any County business.

15  e. Any and all documents reflecting the total number of inmates housed at the Twin
16  Towers Correctional Facility from May 1, 2023 to June 30, 2023.

17  f. Any and all documents reflecting the total number of inmates assigned to each
18  individual housing unit at Twin Towers Correctional Facility from May 1, 2023 to the
19  date of production of the records requested.

20  g. Any and all documents reflecting the County's policies and/or procedures for
21  designation or classification of inmates in County custody that were in effect at any
22  time in 2023.

23  h. Any and all documents reflecting the County's policies and procedures relating to for
24  designation of an inmate as requiring or undergoing Mental Health treatment that were
25  in effect at any time in 2023.

26  i. Any and all documents reflecting the County's policies and procedures with respect to
27  the High Observation Housing unit that were in effect at any time in 2023.

28  ///

-10-

j.  Any and all documents reflecting the total number of County correctional staff on duty at Twin Towers Correctional Facility on each day between May 1, 2023 and June 7, 2023, inclusive.

k.  Any and all documents reflecting the total number of County medical staff on duty at Twin Towers Correctional Facility on each day between May 1, 2023 and June 7, 2023, inclusive.

l.  Any and all records reflecting the total number of correctional staff on duty in each housing unit at Twin Towers Correctional Facility for each shift from May 1, 2023 through June 7, 2023, inclusive.

m. Any and all documents reflecting the number of all County employees, their classifications, and assigned stations/housing units at the Twin Towers Correctional Facility for each shift from May 1, 2023 through June 7, 2023, inclusive.

n.  Any and all non-privileged information relating to any internal investigation or inquiry conducted by the County or its departments with respect to the death of an inmate that occurred on June 6, 2023.

40.    To date, Plaintiffs nor their counsel of record herein have received *any* documents from Defendant LASD in response to Plaintiffs' CPRA request (PRA No. 23-2069), in violation of Article I, § 3, of the CPRA, and California Government Code § 6250, *et seq.*

41.    It should be noted that DECEDENT's family, including Plaintiffs, have conducted an independent autopsy and await the results thereof at this time. Investigation is ongoing and the possibility of additional intentional conduct being taken against DECEDENT remains, and Plaintiffs will seek leave of Court to amend this Complaint to plead the same if and when such facts become known to Plaintiffs.

42.    Defendants were negligent in carrying out its duties and responsibilities owed to DECEDENT, including but not limited to proper staffing levels at the correctional facility, proper staff training at the correctional facility, frequent and effective safety checks as required by law, proper housing, proper inventory and safety inspections of all items within DECEDENT's cell, particularly while classified as a "High Observation" inmate or while deemed a suicide risk, proper routine medical care, and proper emergency medical response.

-11-

43. The cause of DECEDENT's death is the intentional, willful, and malicious conduct taken against DECEDENT, including false imprisonment and violation of DECEDENT's civil rights as set forth herein, in addition to the grossly negligent, willful, and malicious failure to provide DECEDENT with the standard of care owed him while in custody.

44. But for Defendants' conduct, action, or inaction, this otherwise physically healthy 28-year-old man arrested for the non-violent offense of Vandalism would still be alive today.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

45. On November 30, 2023, a Claim for Damages to Person or Property pursuant to California Government Code § 911.2 was filed with COUNTY on behalf of DECEDENT.

46. On November 30, 2023, Plaintiff RUBIO, on behalf of herself and as successor-in-interest to DECEDENT, filed with the COUNTY her Claims for Damages to Person or Property pursuant to California Government Code § 911.2.

47. On December 1, 2023, Plaintiff CASTANEDA, on behalf of himself and as successor-in-interest to DECEDENT, filed with the COUNTY his Claims for Damages to Person or Property pursuant to California Government Code § 911.2.

48. The COUNTY has failed to adequately respond to DECEDENT and Plaintiffs' claims as of the date of filing the present Complaint.

## FIRST CAUSE OF ACTION
## DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)
## AGAINST ALL DEFENDANTS

49. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

50. Defendants failed to provide the necessary mental health and medical care to DECEDENT despite him being a suicide risk, being advised he should be under suicide watch, and exhibiting at risk behavior. Defendants further failed to provide adequate safety checks and provide adequate mental health services to further evaluate DECEDENT's mental health. Further, while in the custody of Defendants,

1  DECEDENT sustained severe injuries, was denied visitation with family, and ultimately died while in
2  custody of Defendants on June 6, 2023 after being found unresponsive in his cell. Moreover, toxicology
3  results indicate that the DECEDENT was not medicated according to the aftercare instructions and
4  medication list provided by Metropolitan State Hospital upon discharge.

5       51.    Accordingly, Defendants failed to provide DECEDENT with reasonable medical care, in
6  violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S.
7  Constitution.

8       52.    Defendants' actions and inactions were motivated by evil motive or intent, involved
9  reckless or callous indifference to rights, or were wantonly or oppressively done.

10      53.    DECEDENT was injured as a direct and proximate result of Defendants' actions and
11 inactions, entitling Plaintiffs to receive compensatory damages against Defendants.

12      54.    By virtue of their misconduct, Defendants are liable for DECEDENT's injuries, either
13 because these Defendants were integral participants in the denial of DECEDENT's medical care, or
14 because they failed to intervene to prevent these violations.

15      55.    Defendants knew that failure to provide timely medical treatment to DECEDENT could
16 result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless
17 disregarded his serious medical needs, causing him great bodily harm, physical pain and suffering, and
18 emotional pain and suffering.

19      56.    Plaintiffs, by this action, further claim all of their attorneys' fees and costs incurred and to
20 be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. § 1988.

21

22                        **SECOND CAUSE OF ACTION**
23                  **FALSE IMPRISONMENT (42 U.S.C. § 1983)**
24                      **AGAINST ALL DEFENDANTS**

25      57.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as
26 though set forth in full herein.

27      58.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant
28 hereto, DECEDENT was wrongfully held against his will beyond the maximum commitment time of

1    imprisonment DECEDENT could receive had he been convicted of the most serious offense for which

2    he was charged – in this case a felony charge of violating Penal Code § 594 (Vandalism).

3        59.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

4    hereto, the wrongful detainment of DECEDENT beyond the maximum commitment time of two (2) years

5    following his arrest physically harmed and, in fact, led to his tragic death.

6        60.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

7    hereto, Defendants' conduct was a substantial factor in causing DECEDENT's physician pain, injuries,

8    and tragic death.

9        61.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

10   hereto, DECEDENT was harmed by Defendants' false imprisonment, and that Defendants are responsible

11   for this harm because they were part of a conspiracy to commit false imprisonment against the public. As

12   described hereinabove, based on information and belief, Defendants intended that the act of false

13   imprisonment be committed against DECEDENT.

14       62.     As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of

15   law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love,

16   companionship, comfort, care, assistance, protection, affection, society, and support, expectations of

17   future support, and counseling, companionship, solace and mental support, as well as other benefits and

18   assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the

19   jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

20       63.     As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

21   Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and

22   burial expenses in an amount to be stated according to proof at the time of trial.

23       64.     As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

24   Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT

25   in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek

26   all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine

27   to a sum in excess of the jurisdictional minimum of this Court.

28   ///

**THIRD CAUSE OF ACTION**

**VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**

**AGAINST ALL DEFENDANTS**

65.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

66.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in the life, safety and health of DECEDENT.

67.     The aforementioned actions of Defendants, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience and interfered with the life, safety and health of DECEDENT, in that said Defendants had time to deliberate and then used excessive force that was deliberately indifferent to the constitutional rights of the DECEDENT and/or shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. § 1983, which resulted in violation of the constitutional rights of DECEDENT.

68.     Defendants thus violated the substantive due process rights of DECEDENT to be free from unwarranted interference with his right to life, safety and health and Plaintiffs claim all damages as previously set forth hereinabove.

69.     Plaintiffs bring this claim for the violation of DECEDENT's constitutional rights. Plaintiffs by this action further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in presenting, maintaining and prosecuting this action under 42 U.S.C. § 1988.

///

///

///

///

**FOURTH CAUSE OF ACTION**

**DENIAL OF MEDICAL CARE (GOVT. CODE § 845.6)**

**AGAINST ALL DEFENDANTS**

70.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

71.     Defendants failed to provide the necessary mental health and medical care to DECEDENT despite him being a suicide risk, being advised he should be under suicide watch, and exhibiting at risk behavior. Defendants further failed to provide adequate safety checks and provide adequate mental health services to further evaluate DECEDENT's mental health. Further, while in the custody of Defendants, DECEDENT sustained severe injuries, was denied visitation with family, and ultimately died while in custody of Defendants on June 6, 2023 after being found unresponsive in his cell. Moreover, toxicology results indicate that the DECEDENT was not medicated according to the aftercare instructions and medication list provided by Metropolitan State Hospital upon discharge.

72.     Accordingly, Defendants failed to provide DECEDENT with reasonable medical care, in violation of California Government Code § 845.6.

73.     The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES 1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

74.     Defendants' actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

75.     DECEDENT was injured as a direct and proximate result of Defendants' actions and inactions, entitling Plaintiffs to receive compensatory damages against Defendants.

76.     By virtue of their misconduct, Defendants are liable for DECEDENT's injuries, either because these Defendants were integral participants in the denial of DECEDENT's medical care, or because they failed to intervene to prevent these violations.

77.     Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless

1   disregarded his serious medical needs, causing him great bodily harm, physical pain and suffering, and
2   emotional pain and suffering.

3       78.     Plaintiffs, by this action, further claim all of their attorneys' fees and costs incurred and to
4   be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. § 1988.

6                                   **FIFTH CAUSE OF ACTION**
7           **VIOLATION OF THE TOM BANE CIVIL RIGHTS ACT (CIVIL CODE § 52.1)**
8                                   **AGAINST ALL DEFENDANTS**

9       83.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as
10  though set forth in full herein.

11      79.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned
12  herein, Defendants, and each of them, intentionally interfered by threats, intimidation and/or coercion,
13  with the exercise and enjoyment by DECEDENT, prior to his death, of rights secured by the Constitution
14  of the United States and the State of California, including interference with his rights to be secure in his
15  person and free from the use of excessive force, unreasonable harassment or detention without reasonable
16  suspicion and probable cause, and the right of protection from bodily restraint and harm.

17      80.     Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned
18  herein, Defendants, and each of them, made threats of violence against DECEDENT, causing him to
19  reasonably believe that if he exercised his rights guaranteed to him by the Constitutions of the United
20  States and the State of California, and under Civil Code § 52.1, including, but not limited, his right to be
21  secure in his person and free from the use of excessive force, the right of protection from bodily restraint
22  and harm, unreasonable harassment or detention without reasonable suspicion and probable cause, the
23  right to due process, and equal protection, Defendants would commit violence against him and/or his
24  property. Furthermore, Plaintiffs are informed, believe, and thereon allege that at all times relevant and
25  mentioned herein, Defendants had the apparent ability to carry out these threats.

26      81.     Plaintiffs are also informed, believe, and thereon allege that at all times relevant and
27  mentioned herein, Defendants, and each of them, acted violently against DECEDENT to prevent him
28  from exercising his rights guaranteed to him by the Constitutions of the United States and the State of

California, and under Civil Code § 52.1, including, but not limited, his right to be secure in his person and free from the use of excessive force, the right of protection from bodily restraint and harm, the right to due process, and equal protection. Furthermore, Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants acted violently to retaliate against DECEDENT for having exercised his aforementioned rights.

82. Plaintiffs are informed, believe, and thereon allege that at all times relevant and mentioned herein, Defendants' conduct was a substantial factor in causing the tragic death of DECEDENT.

83. The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES 1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

84. As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

85. As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof at the time of trial.

86. As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine to a sum in excess of the jurisdictional minimum of this Court.

87. In addition to and/or in lieu of Plaintiffs' election, Plaintiffs are entitled to receive and hereby seeks statutory damages pursuant to Civil Code § 52(b), including actual and exemplary damages.

88.     Pursuant to Civil Code § 52.1(b), Plaintiffs request an award of attorneys' fees in prosecuting this action.

## SIXTH CAUSE OF ACTION

### FALSE IMPRISONMENT (GOV. CODE §§ 815.2 & 820 AND CA COMMON LAW)

### AGAINST ALL DEFENDANTS

89.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

90.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, DECEDENT was wrongfully held against his will beyond the maximum commitment time of imprisonment DECEDENT could receive had he been convicted of the most serious offense for which he was charged – in this case a felony charge of violating Penal Code § 594 (Vandalism).

91.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, the wrongful detainment of DECEDENT beyond the maximum commitment time of two (2) years following his arrest physically harmed and, in fact, led to his tragic death.

92.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, Defendants' conduct was a substantial factor in causing DECEDENT's physician pain, injuries, and tragic death.

93.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, DECEDENT was harmed by Defendants' false imprisonment, and that Defendants are responsible for this harm because they were part of a conspiracy to commit false imprisonment against the public. As described hereinabove, based on information and belief, Defendants intended that the act of false imprisonment be committed against DECEDENT.

94.     The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES 1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

///

95.     As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

96.     As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof at the time of trial.

97.     As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine to a sum in excess of the jurisdictional minimum of this Court.

<div align="center">

**SEVENTH CAUSE OF ACTION**

**UNNECESSARY DELAY IN RELEASING INMATE**

**(GOV. CODE §§ 815.2 & 820 AND CA COMMON LAW)**

**AGAINST ALL DEFENDANTS**

</div>

98.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

99.     Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, DECEDENT was wrongfully and unnecessarily held in custody against his will beyond the maximum commitment time of imprisonment DECEDENT could receive had he been convicted of the most serious offense for which he was charged – in this case a felony charge of violating Penal Code § 594 (Vandalism).

///

///

<div align="center">

-20-

COMPLAINT FOR DAMAGES

</div>

100.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, the wrongful detainment of DECEDENT beyond the maximum commitment time of two (2) years following his arrest physically harmed and, in fact, led to his tragic death.

101.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, Defendants' unnecessary delay in releasing DECEDENT from custody was a substantial factor in causing DECEDENT's physician pain, injuries, and tragic death.

102.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, DECEDENT was harmed by Defendants' unnecessary delay in releasing him, and that Defendants are responsible for this harm. As described hereinabove, based on information and belief, Defendants intended to unnecessarily and wrongfully delay the release of DECEDENT from custody.

103.    The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES 1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

104.    As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

105.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof at the time of trial.

106.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine to a sum in excess of the jurisdictional minimum of this Court.

**EIGHTH CAUSE OF ACTION**

**BATTERY (GOV. CODE §§ 815.2 AND 820 AND CALIFORNIA COMMON LAW)**

**AGAINST ALL DEFENDANTS**

107.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

108.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, Defendants used unreasonable and excessive force against DECEDENT with the intent to harm DECEDENT.

109.    Plaintiffs are informed and believe, and based thereon allege, that while in the custody of Defendants, DECEDENT sustained severe injuries and ultimately died while in custody of Defendants on June 6, 2023 after being found unresponsive in his cell.

110.    According to the Autopsy Report pertaining to DECEDENT, the autopsy findings show that DECEDENT had abrasions/bruises on his forehead, nose, and lips; petechiae on his left sclera, conjunctiva, and upper chest; abrasions/bruises to his left armpit; and small abrasions/cuts on his left-hand knuckles.

111.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, the wrongful detainment of DECEDENT beyond the maximum commitment time of two (2) years following his arrest physically harmed and, in fact, led to his tragic death.

112.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, Defendants' conduct was a substantial factor in causing DECEDENT's physician pain, injuries, and tragic death.

113.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, DECEDENT was harmed by Defendants' battery, and that Defendants are responsible for this harm because they were part of a conspiracy to commit battery against the public. As described hereinabove, based on information and belief, Defendants intended that the act of battery be committed against DECEDENT.

114.    The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/r service with Defendants COUNTY, LASD, and LACDMH, and DOES

-22-

COMPLAINT FOR DAMAGES

1  1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore

2  vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

3      115.    As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of

4  law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love,

5  companionship, comfort, care, assistance, protection, affection, society, and support, expectations of

6  future support, and counseling, companionship, solace and mental support, as well as other benefits and

7  assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the

8  jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

9      116.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

10  Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and

11  burial expenses in an amount to be stated according to proof at the time of trial.

12      117.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

13  Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT

14  in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek

15  all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine

16  to a sum in excess of the jurisdictional minimum of this Court.

17

18                          **NINTH CAUSE OF ACTION**

19                **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20          **(GOV. CODE §§ 815.2 AND 820 AND CALIFORNIA COMMON LAW)**

21                          **AGAINST ALL DEFENDANTS**

22      118.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as

23  though set forth in full herein.

24      119.    Defendants, and each of them, engaged in outrageous conduct, with intent or reckless

25  disregard of the probability that DECEDENT would suffer emotional distress and he did suffer severe

26  emotional distress, including, among other actions, by detaining DECEDENT beyond the legally

27  permissible maximum commitment period following his arrest, failing to appropriately assess and

28  evaluate DECEDENT's mental health and suicide risk, failing to take appropriate and timely suicide

1    prevention measures, failing to provide appropriate mental health treatment, failing to provide appropriate
2    and necessary psychiatric medications and ensuring compliance with those medications.

3        120.    Defendants' conduct was a substantial factor in causing DECEDENT's severe emotional
4    distress.

5        121.    The conduct of Defendants, and each of them, was done within the course and scope of
6    their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES
7    1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore
8    vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

9        122.    As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of
10   law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love,
11   companionship, comfort, care, assistance, protection, affection, society, and support, expectations of
12   future support, and counseling, companionship, solace and mental support, as well as other benefits and
13   assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the
14   jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

15       123.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,
16   Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and
17   burial expenses in an amount to be stated according to proof at the time of trial.

18       124.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them,
19   Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT
20   in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek
21   all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine
22   to a sum in excess of the jurisdictional minimum of this Court.

23

24                              **TENTH CAUSE OF ACTION**

25       **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (GOV. CODE § 815.2)**
26                              **AGAINST ALL DEFENDANTS**

27       125.    Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as
28   though set forth in full herein.

126.   Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, Defendants, and each of them, owed a duty of care to all reasonably foreseeable people, including Plaintiffs and DECEDENT. This duty involved conducting their law enforcement responsibilities reasonably, which includes, but not limited to, not detaining DECEDENT beyond the legally permissible maximum commitment period following his arrest, appropriately assessing and evaluating DECEDENT's mental health and suicide risk, taking appropriate and timely suicide prevention measures, providing appropriate mental health treatment, providing appropriate and necessary psychiatric medications and ensuring compliance with those medications.

127.   Plaintiffs are informed and believe, and based thereon allege, that at all times relevant hereto, Defendants, and each of them, carelessly and negligently carried out their law enforcement duties, and with willful and conscious disregard breached the aforesaid duties owed to Plaintiffs and DECEDENT as follows:

    a.  Defendants, and each of them, detained DECEDENT against his will beyond the legally permissible maximum commitment period following his arrest.

    b.  On or about May 1, 2023, the DECEDENT was transferred back into the custody of the Defendants, LASD and LACDMH. He had been prescribed various medications by the Metropolitan State Hospital, a fact that both LASD and LACDMH were fully aware of when they assumed responsibility for his custody, care, and control on that date. Furthermore, LASD and LACDMH had received discharge instructions from Metropolitan State Hospital, which included aftercare directions and emphasized the necessity to continue the decedent's medications.

    c.  Thereafter, DECEDENT was not given proper medical care by COUNTY and its various departments, including LASD and LACDMH, who are responsible for the administration of healthcare to inmates within its custody.

    d.  While in the custody of Defendants, DECEDENT sustained severe injuries, was denied visitation with family, and ultimately died while in custody of Defendants on June 6, 2023 after being found unresponsive in his cell. Toxicology results indicate

that the DECEDENT was not medicated according to the aftercare instructions and medication list provided by Metropolitan State Hospital upon discharge.

e.  According to the Autopsy Report pertaining to DECEDENT, the autopsy findings show that DECEDENT had abrasions/bruises on his forehead, nose, and lips; petechiae on his left sclera, conjunctiva, and upper chest; abrasions/bruises to his left armpit; and small abrasions/cuts on his left-hand knuckles.

f.  Defendants, and each of them, failed to recognize DECEDENT's signs of distress.

g.  Defendants, and each of them, failed to adopt the minimum policies, procedures, and training necessary to ensure identification or response to an inmate in crisis.

h.  Defendants, and each of them, ignored the duties of medical/mental health staff to treat and monitor DECEDENT's altered mental status.

i.  Defendants, and each of them, failed to complete adequate welfare checks.

j.  Defendants, and each of them, also failed to appropriately supervise, review, and ensure the competence of medical/mental health staff's and custody staff's provision of treatment to DECEDENT, and failed to enact appropriate standards and procedures that would have prevented such harm to him.

128.   As a result, DECEDENT and Plaintiffs have suffered serious emotional distress, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, depression, humiliation, and shock.

129.   Defendants' actions were a substantial factor in causing DECEDENT's serious emotional distress.

130.   The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES 1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

131.   As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of

1  future support, and counseling, companionship, solace and mental support, as well as other benefits and

2  assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the

3  jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

4    132.   As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

5  Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and

6  burial expenses in an amount to be stated according to proof at the time of trial.

7    133.   As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

8  Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT

9  in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek

10  all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine

11  to a sum in excess of the jurisdictional minimum of this Court.

12

13                          **ELEVENTH CAUSE OF ACTION**

14                          **NEGLIGENCE (GOV. CODE § 815.2)**

15                          **AGAINST ALL DEFENDANTS**

16    134.   Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as

17  though set forth in full herein.

18    135.   Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

19  hereto, Defendants, and each of them, owed a duty of care to all reasonably foreseeable people, including

20  Plaintiffs and DECEDENT. This duty involved conducting their law enforcement responsibilities

21  reasonably, which includes, but not limited to, not detaining DECEDENT beyond the legally permissible

22  maximum commitment period following his arrest, appropriately assessing and evaluating

23  DECEDENT's mental health and suicide risk, taking appropriate and timely suicide prevention measures,

24  providing appropriate mental health treatment, providing appropriate and necessary psychiatric

25  medications and ensuring compliance with those medications.

26    136.   Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

27  hereto, Defendants, and each of them, carelessly and negligently carried out their law enforcement duties,

28

1 and with willful and conscious disregard breached the aforesaid duties owed to DECEDENT and
2 Plaintiffs as follows:

  a. Defendants, and each of them, detained DECEDENT against his will beyond the legally permissible maximum commitment period following his arrest.

  b. On or about May 1, 2023, the DECEDENT was transferred back into the custody of the Defendants, LASD and LACDMH. He had been prescribed various medications by the Metropolitan State Hospital, a fact that both LASD and LACDMH were fully aware of when they assumed responsibility for his custody, care, and control on that date. Furthermore, LASD and LACDMH had received discharge instructions from Metropolitan State Hospital, which included aftercare directions and emphasized the necessity to continue the decedent's medications.

  c. Thereafter, DECEDENT was not given proper medical care by COUNTY and its various departments, including LASD and LACDMH, who are responsible for the administration of healthcare to inmates within its custody.

  d. While in the custody of Defendants, DECEDENT sustained severe injuries, was denied visitation with family, and ultimately died while in custody of Defendants on June 6, 2023 after being found unresponsive in his cell. Toxicology results indicate that the DECEDENT was not medicated according to the aftercare instructions and medication list provided by Metropolitan State Hospital upon discharge.

  e. According to the Autopsy Report pertaining to DECEDENT, the autopsy findings show that DECEDENT had abrasions/bruises on his forehead, nose, and lips; petechiae on his left sclera, conjunctiva, and upper chest; abrasions/bruises to his left armpit; and small abrasions/cuts on his left-hand knuckles.

  f. Defendants, and each of them, failed to recognize DECEDENT's signs of distress.

  g. Defendants, and each of them, failed to adopt the minimum policies, procedures, and training necessary to ensure identification or response to an inmate in crisis.

  h. Defendants, and each of them, ignored the duties of medical/mental health staff to treat and monitor DECEDENT's altered mental status.

1         i.   Defendants, and each of them, failed to complete adequate welfare checks.

2         j.   Defendants, and each of them, also failed to appropriately supervise, review, and

3    ensure the competence of medical/mental health staff's and custody staff's provision

4    of treatment to DECEDENT, and failed to enact appropriate standards and procedures

5    that would have prevented such harm to him.

6    137.   Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

7    hereto, said careless, negligent, reckless, and unlawful conduct by Defendants, and each of them, was the

8    direct, legal, and proximate cause of the death of DECEDENT, and the resulting damages to Plaintiffs

9    herein alleged.

10   138.   Plaintiffs are informed and believe, and based thereon allege, that at all times relevant

11   hereto, DECEDENT was harmed by Defendants' negligence, and that Defendants are responsible for this

12   harm because they were part of a conspiracy to commit negligence against the public.

13   139.   Defendants' negligence was a substantial factor in causing DECEDENT's physician pain,

14   injuries, and tragic death, and Plaintiffs' resulting damages.

15   140.   The conduct of Defendants, and each of them, was done within the course and scope of

16   their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES

17   1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore

18   vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

19   141.   As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of

20   law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love,

21   companionship, comfort, care, assistance, protection, affection, society, and support, expectations of

22   future support, and counseling, companionship, solace and mental support, as well as other benefits and

23   assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the

24   jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

25   142.   As a legal, direct, and proximate result of the conduct of Defendants, and each of them,

26   Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and

27   burial expenses in an amount to be stated according to proof at the time of trial.

28   ///

143.   As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine to a sum in excess of the jurisdictional minimum of this Court.

## TWELFTH CAUSE OF ACTION
### NEGLIGENT HIRING/SUPERVISION/RETENTION OF EMPLOYEE (GOV. CODE § 815.2) AGAINST ALL DEFENDANTS

144.   Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

145.   Defendants, and each of them, had a duty to hire, supervise, train, and retain employees and/or agents so that employees and/or agents refrain from the conduct and/or omissions alleged herein.

146.   Defendants, and each of them, breached this duty by negligently hiring employees and/or agents who were unfit or incompetent to perform the work for which they were hired to do, causing the conduct alleged herein. Such breach constituted negligent hiring, supervision, training, and retention under the laws of the State of California.

147.   As evidenced by the conduct and/or omissions alleged herein, Defendants knew or should have known that their employees and/or agents were unfit or incompetent to perform the work for which they were hired to do, and that their unfitness and/or incompetence created a particular risk to others, including DECEDENT.

148.   As a direct and proximate result of the conduct of Defendants, and each of them, DECEDENT endured pain, suffering, physical injury and emotional distress prior to his death as alleged herein.

149.   Defendants were negligent in hiring, supervising, training, and retaining their employees and/or agents under the laws of the State of California, and Defendants' negligence was a substantial factor in causing DECEDENT's physician pain, injuries, and tragic death, and Plaintiffs' resulting damages.

150. The conduct of Defendants, and each of them, was done within the course and scope of their employment agency and/or service with Defendants COUNTY, LASD, and LACDMH, and DOES 1-50, inclusive, and under color of their authority, and Defendants, and each of them, are therefore vicariously liable for the same under Government Code §§ 815.2, 815.3, and 820.

151. As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

152. As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof at the time of trial.

153. As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine to a sum in excess of the jurisdictional minimum of this Court.

## THIRTEENTH CAUSE OF ACTION
## WRONGFUL DEATH & SURVIVAL
## AGAINST ALL DEFENDANTS

154. Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though set forth in full herein.

155. DECEDENT's death was a direct and proximate result of the aforementioned wrongful and/or negligent acts and/or omissions of Defendants, and each of them. Defendants' acts and/or omissions thus were also a direct and proximate cause of Plaintiffs' injuries and damages, as alleged herein.

156.    Defendants failed to provide the necessary mental health and medical care to DECEDENT despite him being a suicide risk, being advised he should be under suicide watch, and exhibiting at risk behavior. Defendants further failed to provide adequate safety checks and provide adequate mental health services to further evaluate DECEDENT's mental health. Further, while in the custody of Defendants, DECEDENT sustained severe injuries, was denied visitation with family, and ultimately died while in custody of Defendants on June 6, 2023 after being found unresponsive in his cell. Moreover, toxicology results indicate that the DECEDENT was not medicated according to the aftercare instructions and medication list provided by Metropolitan State Hospital upon discharge. As a direct and proximate result of the conduct of Defendants, and each of them, DECEDENT endured pain, suffering, physical injury and emotional distress prior to his death as alleged herein.

157.    As a direct and proximate result of the conduct of Defendants, and each of them, DECEDENT endured pain, suffering, physical injury and emotional distress prior to his death that survived his death, for which Plaintiffs bring this survival action pursuant to California Code of Civil Procedure § 377.34.

158.    As a legal, direct, and proximate result of the negligence, carelessness, and/or violation of law by Defendants, and each of them, Plaintiffs have sustained damages resulting from the loss of love, companionship, comfort, care, assistance, protection, affection, society, and support, expectations of future support, and counseling, companionship, solace and mental support, as well as other benefits and assistance, of their respective DECEDENT, all to their general damages in a sum in excess of the jurisdictional limits of this Court, which will be stated according to proof at the time of trial.

159.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, and each of them, have incurred economic losses, including, but not limited to, funeral and burial expenses in an amount to be stated according to proof at the time of trial.

160.    As a legal, direct, and proximate result of the conduct of Defendants, and each of them, Plaintiffs, as successors-in-interest to DECEDENT, hereby seek all damages according to DECEDENT in a survival action, pursuant to California Code of Civil Procedure § 377.34, In addition, Plaintiffs seek all damages under the Bane Act, including but not limited to, attorneys' fees. All of said damages combine to a sum in excess of the jurisdictional minimum of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendants, and each of them, in an amount according to proof as follows:

1.    For compensatory damages, for personal injuries sustained, including but not limited to past medical bills, past loss of wages, future medical expenses, and future loss of wages/earnings capacity, in an amount according to proof at the time of trial;

2.    For general damages, for past and future pain, suffering, disfigurement, physical impairment, inconvenience, humiliation, mental suffering and emotional distress, anxiety, fear, loss of enjoyment of life and all other noneconomic damages allowed by law in an amount according to proof at the time of trial;

3.    For pre-judgment and post-judgment interest;

4.    For wrongful death damages, which include, but are not limited to:

    a.  Financial support, if any, that DECEDENT would have contributed to the family during either the life expectancy that DECEDENT had before his death or the life expectancy of Plaintiffs, whichever is shorter;

    b.  The loss of gifts or benefits that Plaintiffs would have expected to receive from DECEDENT;

    c.  Funeral and burial expenses;

    d.  Reasonable value of household services that DECEDENT would have provided; and

    e.  Loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support;

5.    For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988 and Civil Code § 52.1(b);

6.    For all other damages allowed under federal and state law; and

7.    For such further other relief as the Court may deem just, proper, and appropriate.

///
///
///

DATED: May 21, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiffs,
GRACE RUBIO, INDIVIDUALLY FOR
HERSELF AND AS SUCCESSOR-IN-
INTEREST OF ERICK RUBIO, DECEASED;
AND RICHARD CASTANEDA,
INDIVIDUALLY FOR HIMSELF AND AS
SUCCESSOR-IN-INTEREST OF ERICK
RUBIO, DECEASED

///
///
///

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: May 21, 2024

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiffs,
GRACE RUBIO, INDIVIDUALLY FOR
HERSELF AND AS SUCCESSOR-IN-
INTEREST OF ERICK RUBIO, DECEASED;
AND RICHARD CASTANEDA,
INDIVIDUALLY FOR HIMSELF AND AS
SUCCESSOR-IN-INTEREST OF ERICK
RUBIO, DECEASED

-34-

COMPLAINT FOR DAMAGES

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Ramin R. Younessi, Esq. (175020)<br>3435 Wilshire Blvd., Suite 2200, Los Angeles, CA 90010<br><br>TELEPHONE NO.: 213-480-6200        FAX NO.: 213-480-6201<br>EMAIL ADDRESS: ryounessi@younessilaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs, GRACE RUBIO, et al. | *FOR COURT USE ONLY*<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**5/21/2024 5:12 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By Y. Ayala, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: ~~312 N. Spring Street~~     STANLEY MOSK COURTHOUSE
MAILING ADDRESS: ~~312 N. Spring Street~~     111 NORTH HILL STREET
CITY AND ZIP CODE: Los Angeles 90012     LOS ANGELES, CA 90012
BRANCH NAME: ~~Spring Street Courthouse~~

CASE NAME:
GRACE RUBIO, et al. v. COUNTY OF LOS ANGELES, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter     [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24STCV12835 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [✓] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve                   courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence                  court
                                                                f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply)*: a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify)*: Thirteen (13)
5.  This case [ ] is   [✓] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 21, 2024
Ramin R. Younessi, Esq.
_____                              ▶                   _____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to
  the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
   *domain, landlord/tenant, or*
   *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic*
   *relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| GRACE RUBIO, et al. v. COUNTY OF LOS ANGELES, et al. | 24STCV12835 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1,④ |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| GRACE RUBIO, et al. v. COUNTY OF LOS ANGELES, et al. | |

| A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|
| | ☐ 2307 Construction Accidents | 1, 4 |
| | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ 1502 Labor Commissioner Appeals | 10 |
| Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

- Other Personal Injury/ Property Damage/ Wrongful Death
- Non-Personal Injury/Property Damage/Wrongful Death Tort
- Employment
- Contract

| SHORT TITLE | CASE NUMBER |
|---|---|
| GRACE RUBIO, et al. v. COUNTY OF LOS ANGELES, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/<br>Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction<br>(33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real<br>Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer<br>– Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful<br>eviction) | 6, 11 |
| | Unlawful Detainer<br>– Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful<br>eviction) | 6, 11 |
| | Unlawful Detainer<br>– Post Foreclosure<br>(34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer<br>– Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture<br>(05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re<br>Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate<br>(02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial<br>Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally<br>Complex<br>Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| GRACE RUBIO, et al. v. COUNTY OF LOS ANGELES, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| GRACE RUBIO, et al. v. COUNTY OF LOS ANGELES, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.

| REASON:<br>□ 1. □ 2. □ 3. ☑ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11 | ADDRESS:<br>441 Bauchet Street |
|---|---|
| CITY: | STATE: | ZIP CODE: | |
| Los Angeles | CA | 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)

Dated: 05/21/2024

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| **SUPERIOR COURT OF CALIFORNIA** <br> **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: <br> Stanley Mosk Courthouse <br> 111 North Hill Street, Los Angeles, CA 90012 | **FILED** <br> Superior Court of California <br> County of Los Angeles <br> **05/21/2024** |
| **NOTICE OF CASE ASSIGNMENT** <br><br> **UNLIMITED CIVIL CASE** | David W. Slayton, Executive Officer / Clerk of Court <br> By: _____ Y. Ayala _____ Deputy |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: <br> 24STCV12835 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Timothy Patrick Dillon | 73 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 05/22/2024 _____
   (Date)                                                By Y. Ayala _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/24/2024 |
| PLAINTIFF:<br>Grace Rubio, as successor-in-interest of Erick Rubio, deceased et<br>DEFENDANT:<br>County of Los Angeles, et al. | David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ D. Ortiz _____ Deputy |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24STCV12835 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/09/2024 | Time: 8:30 AM | Dept.: 73 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 05/24/2024

_____
Judicial Officer

**CERTIFICATE OF SERVICE** Timothy Patrick Dillon / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin Ray Younessi
3435 Wilshire Boulevard
Suite 2200
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/24/2024

By D. Ortiz _____
Deputy Clerk

**NOTICE OF
CASE MANAGEMENT CONFERENCE**